Judge Buckner,
delivered the opinion of the court.
Robert Reid, on a note executed to him as administrator of John Reid, deceased, recovered a judgment against William Barnett, who replevied it, by entering info a recognizance, in the clerk’s office, 'with W. Watts and J. James as his sureties.
An execution having issued upon it, Barnett filed his -Mil in chancery, to he relieved against it, and obtained *441 an injunction. Before the cause was finally heard, he and Clay, who acted as agent of R. Reid, on the 4th of June, 1887, entered info a written agreement, that Barnett's bill should lie dismissed, and the injunction dissolved, without damages; and that no execution should issue until ihe fiisi of February next, thereafter. On the eighth of that month, the suit was dismissed in pursuance of said agreement, and no execution issued until the expiration of the time agreed upon, nor for several days thereafter. Watts and James then instituted the present suit by bill in chancery, against Reid, Cloyd and William Barnett, alleging that said agreement had been entered into, without their consent or knowledge, by Barnett, their principal, and Cloyd, who was beneficially interested in the judgment, and fully authorized, as agent of Reid, to make it; that when the first execution issued on the recognizance, and up to the first of February, 1828, Barnett had property in his possession, in the county where said recognizance was taken liable to execution, and amply sufficient to have discharged the same; but that he had sinee become insolvent, and they were to suffer, unless relieved. They insist, that therefore, they ought in equity to be exonerated from all responsibility as sureties in the recognizance aforesaid.
Principal is s. competent witness for b¡n™íed bv°tt them to be released on “nlulgenee granted to the principal.
The circuit court decided favorably to them, perpetuating by decree, an injunction which had been previously granted against the collection of the'amount of the recogn'zance from them; to reverse which Reid and Cloyd have appealed to this court, assigning as errors;
1st. That the court erred in refusing to reject the deposition of William Barnetf, which was taken by leave of the court, subject to any well founded objection.
2dly. That the bill should have been dismissed, &c.
The motion to reject the deposition of Barnett was properly overruled. He was not interested in the event of the suit. His responsibility could not be diminished by the success of the appellees. The argument on the part of the appellants, that, upon a dissolution of the injunction, he would have been hound to his sureties for the damages, which would have been *442 awarded, and for the costs, can not he maintained by reason, lie was not seeking relief; but wifh Beid and Cloyd was made a defendant to the bill. There is no proof that ho either solicited or encouraged them to institute the suit. They had a right, and must be presumed to have done it, on their own responsibility.
If obligee, in a recugni-zance in nature of replev-in bond, make agreement, for valuable consideration with principal obli-gor, to procrastinate issuing of the execution upon the recognizance, amt in mean time, principal becomes insolvent, sureties are reloared.
From the proof in the cause, the decree was well warranted, If Cloyd was not beneficially interested in the judgment, it is clear, at least, that he acted as the’authorized agent of Reid, in making the agreement referred to. It was proven, that Reid, both before and after said agreement, stated that Cloj d was his agent for the mangement and collection of the demand in contest. Cloyd made similar statements; and although they would not be admissible, unless he had an interest, the proof of his authority is entirely satisfactory.
It has been contended, that the agreement did not embrace the debt now in controversy. We think differently. It is true that in Barnett’s bill, which was dismissed in pursuance of the agreement, the debt or judgment replevied by him with the piesent appellees as his sureties, was not accurately dcsciibed. liut it is not pretended, that there was any other judgment to which it was probably intended to he, or could have been applied; and Barnett swears that the debt now claimed, was the one enjoined, and that the misde-scription of it in his bill, was a mistake. It is evident, that each party so understood it.
That the agreement, if made without the consent or approbation of the appellees operates in equity to the release of the sureties according to the repeated decisions of this court, cannot he doubted.
The proof in the cause shows, that the agreement operated injuriously to the appellees. But ior it, the amount of the recognizance, might easily have been made out of Barnett, for it appeals that for a considerable time thereafter, he remained solvent; and that the whole of his property has.bcen since sold under executions, to satisfy other demands.
We are by no means satisfied, that the appellees did not consent' to the arrangement.- But the onus prohan-di cannot be thrown on them. They have proved, that they were sureties; that an agreement between *443 their principal and Reid, by Cloyd, his agent, procrastinating the day of payment, for a valuable consideration, (for he thereby induced Reid to dismiss his bill) was made and entered of record. To require them to prove, that they did not yield their consent to the agreement, would violate a well established rule of law, that no one is bound to prove a negative. Barnett’s deposition however, supports the allegations of their bill, that they were not present when the arrangement was entered into; and he states, that he does not believe they had any knowledge, that the parties contemplated it, until after it was reduced to writing. The subscribing witness to the agreement supports in part, this statement.
Note execut’d to A “ns administrator of R, ’’judgment on the note; injunction to the judgment and injunction perpetuated at costs of A in his individual capacity, is not error. Addition “as administrator of R” is mere descriptio persona.
Turner and Breck, for appellants.
The ground assumed in argument, that the decree ágainst Reid for costs, in his individual capacity has not been assigned for error; and had it been assigned, could not have availed. The note, upon which the judgment was recovered, was executed to him. He is named as administrator of J. Reid, but it may he considered as descriptio persona.
The decree of the circuit court must be affirmed with costs.